IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| SHAWN YIELDING, ADC #118018, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 5:11-cv-00261-SWW-JJV |
| CORRECTIONAL MEDICAL SERVICES; | * | |
| *et al.*, | * | |
| | * | |
| Defendants. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

This matter is before the Court on Defendant Kelley's Motion for Summary Judgment (Doc. No. 73), to which Plaintiff did not respond, despite this Court's October 17, 2012, Order (Doc. No. 76). Ms. Kelley is the only defendant remaining, and is sued in her official and individual capacities (Doc. No. 2 at 3).

Plaintiff claims that Ms. Kelley, in her position as the Assistant Deputy Director of the ADC, found that his grievance appeals were without merit, and thereby failed in her duty to ensure that he received adequate medical care and treatment. (Doc. No. 2 at 7.)

### II. SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the

absence of a genuine issue of material fact." *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*. Finally, [i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." *Dulany v. Carnahan*, 132 F.3d at 1240.

In support of her Motion, Ms. Kelley states that Plaintiff's monetary claims against her in her official capacity should be dismissed pursuant to sovereign immunity. His deliberate indifference claim against her should be dismissed because it is based on her supervisory authority only, which is not actionable under § 1983. Ms. Kelley also states the general responsibility for supervising the prison healthcare system is insufficient to establish the personal involvement necessary to prove his claim against her, citing *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). And, non-medical prison officials who are not involved in daily treatment decisions cannot be held liable for the decisions made by the medical staff. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). Finally, Ms. Kelley states she is protected from liability by qualified immunity.

Absent a response from Plaintiff, the Court will deem as admitted Defendant Kelley's Statement of Facts (Doc. No. 75), pursuant to FED. R. CIV. P. 56(e) and Rule 56.1(c) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas.

Plaintiff's monetary claims against Ms. Kelley in her official capacity are barred by sovereign immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In addition, his Eighth Amendment claim is based on her supervisory position, and a supervisor can not be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. *See White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994).

Plaintiff bases his claim against Ms. Kelley on her response to his grievance but he never met her or discussed his complaints with her. (Doc. No. 74-1 at 6.) He also was not aware that she prevented him from receiving medical care or that she could not order a doctor to take any particular course of action. (*Id.* at 7-8.) Therefore, the Court finds that Plaintiff's allegations fail to support an Eighth Amendment deliberate indifference claim against her.

Finally, Ms. Kelley moves for summary judgment based on the doctrine of qualified immunity. Qualified immunity protects officials who acted in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right

was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

On close review of the medical records in this file and Ms. Kelley's Motion, the Court finds she acted reasonably under the circumstances. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right by Ms. Kelley. As noted, she is not a medical professional and was not responsible for making the medical treatment decisions for the Plaintiff. In addition, her actions in denying his grievance appeals do not support a finding of deliberate indifference. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). Absent a dispute of material fact, the Court finds as a matter of law that Plaintiff's claim against Ms. Kelley should be dismissed.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Defendant Kelley's Motion for Summary Judgment (Doc. No. 73) be GRANTED.

DATED this 7th day of November, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 129 S.Ct. at 818).